UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:01 cv 700 |
| ) | |
| THOMAS C. COON, ) | HON. Douglas W. Hillman |
| ROBERT F. COOK, as co-trustee of the ) | Senior, U.S. District Judge |
| Strongheart Trust, JOHN MODENA, a/k/a ) | |
| MICHAEL JOHN MODENA, as co-trustee of ) | |
| the Strongheart Trust, MONTCALM COUNTY ) | |
| TREASURER, STATE OF MICHIGAN ) | |
| DEPARTMENT OF TREASURY, ) | |
| WARREN WHITE, ) | |
| MODERN HOME SALES, INC., and ) | |
| JOHN POWELL, d/b/a John Powell's Septic ) | |
| Service, ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES' COMPLAINT

The United States, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction of the Attorney General of the United States and with the authorization of a delegate of the Secretary of Treasury, brings this civil action against the defendants named above to reduce to judgment federal tax assessments made by the Internal Revenue Service against the defendant Thomas C. Coon, to establish the validity of the liens of the United States under 26 U.S.C. § 6321 upon all of the property and rights to property of Thomas Coon, to declare the Strongheart Trust to be holding the property known as 485 Muenscher Street, Howard City, Michigan 49329 (hereinafter "subject property"), as the nominee and/or alter ego of Thomas Coon, and to foreclose the liens of the United States upon the subject

property with such property to be sold at a judicial sale, all as set forth more fully herein. For its complaint, the United States avers as follows:

### Jurisdiction and Parties

1. Jurisdiction over this action arises under 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1340 and 1345.

2. Thomas C. Coon (hereinafter "taxpayer") resides at 8593 16 Mile Road, Paris, Michigan 49338.

3. Upon information and belief, the Strongheart Trust purports to be a trust and receives mail at Post Office Box 314, Morley, Michigan 49336. In accordance with 26 U.S.C. § 7403(b), Robert F. Cook and John Modena, as purported trustees of the Strongheart Trust, are made defendants because they, on behalf of the Strongheart Trust, may claim an interest in the property upon which the United States seeks to foreclose. The United States presently is without sufficient information to determine whether the Strongheart Trust qualifies as a trust or has any assets.

4. The Montcalm County Treasurer is a governmental entity having a regular business address of 211 W. Main Street, Post Office Box 368, Stanton, Michigan 48888. In accordance with 26 U.S.C. § 7403(b), the Montcalm County Treasurer is made a defendant because it may claim an interest in the real property upon which the United States seeks to foreclose.

5. The State of Michigan Department of Treasury is a governmental entity having a regular business address of First Floor Treasury Building, Lansing, Michigan 48922. In accordance with 26 U.S.C. § 7403(b), the State of Michigan Department of Treasury is made a defendant because it may claim an interest in the property upon which the United States seeks to foreclose.

6. Upon information and belief, Warren White resides at 222 N. Ensley, Howard City, Michigan 49329. In accordance with 26 U.S.C. § 7403(b), Warren White is made a defendant because he may claim an ownership interest in the property upon which the United States seeks to foreclose.

7. Upon information and belief, Modern Home Sales, Inc., has a principal place of business at 5990 S. Division, Kentwood, Michigan 49508. In accordance with 26 U.S.C. § 7403(b), Modern Home Sales, Inc., is made a defendant because it may claim an interest in the property upon which the United States seeks to foreclose.

8. Upon information and belief, John Powell, d/b/a John Powell's Septic Service, has a principal place of business at 20544 M-82, Howard City, Michigan 49329. In accordance with 26 U.S.C. § 7403(b), John Powell, d/b/a John Powell's Septic Service, is made a defendant because he may claim an interest in the property upon which the United States seeks to foreclose.

### The Subject Property

9. By quit-claim deed dated May 1, 1989, the taxpayer purchased the interest of Diana L. Hall in a land contract dated November 30, 1988 between Jay C. Howe and Diana L. Hall, and the interest of Diana L. Hall in a land contract dated November 30, 1988 given by Joseph Toth to Diana L. Hall, in the subject property, which is more fully described as follows:

> All of Lots 1,2, and 3, of Block 45, Third Addition To The Village of Howard City, Montcalm County, Michigan 49329
>
> P.P. # 59-047-285-001-00.

10. By warranty deed dated December 1, 1990, the taxpayer purchased the subject property from Jay Howe.

11. On December 30, 1991, the taxpayer and his wife, Tammy Coon, executed a quit claim deed transferring the subject property to themselves as tenants by the entirety.

12. By quit claim deed dated September 15, 1995, the taxpayer and Tammy Coon purported to convey the subject property to the Strongheart Trust.

**COUNT ONE**

13. The United States hereby incorporates the allegations set forth in paragraphs 1 and 2 as if specifically realleged herein.

14. On February 5, 1996, a delegate of the Secretary of the Treasury made an income tax assessment against the taxpayer for the 1992 tax year in the amount of $8,009.00, plus penalties in the amount of $1,947.00 and interest in the amount of $1,987.79, for a total assessment of $11,943.79.

15. On February 5, 1996, a delegate of the Secretary of the Treasury made an income tax assessment against the taxpayer for the 1993 tax year in the amount of $21,204.00, plus penalties in the amount of $5,323.00 and interest in the amount of $3,801.63, for a total assessment of $30,328.63.

16. On September 6, 1999, a delegate of the Secretary of the Treasury made an income tax assessment against the taxpayer for the 1994 tax year in the amount of $10,884.00, plus penalties in the amount of $2,879.81, and interest in the amount of $5,529.72, for a total assessment of $19,311.53.

17. On September 6, 1999, a delegate of the Secretary of the Treasury made an income tax assessment against the taxpayer for the 1995 year in the amount of $17,723.00, plus penalties in the amount of $5,391.71, and interest in the amount of $7,346.73, for a total assessment of $30,461.44.

18. After the dates of the assessments set forth above, a delegate of the Secretary of the Treasury gave notice of the assessments and made demand for payment upon the taxpayer.

19. Despite such notices and demands, the taxpayer has refused or neglected to pay the assessments in full, and, after the application of all abatements, payments and credits, he remains indebted to the United States for unpaid assessed federal taxes, penalties, and interest in the amount of $ 86,185.39, plus interest and statutory additions, as may have accrued from the dates of assessment, or may continue to accrue as provided by law.

## COUNT TWO

20. The United States hereby incorporates the allegations set forth in paragraphs 1 through 19 as if specifically realleged herein.

21. On the dates of the assessments described in Count I above, federal tax liens arose against all of the property and rights to property belonging to the taxpayer, including his interest in the subject property.

22. On May 20, 1996, the Internal Revenue Service filed a Notice of Federal Tax Lien with respect to the unpaid federal income taxes of the taxpayer for the tax years 1992 and 1993, against the taxpayer, with the Register of Deeds, Montcalm County, Michigan, at Liber 765, Page 64.

23. On December 26, 1997, the Internal Revenue Service filed a Notice of Federal Tax Lien with respect to unpaid federal income taxes of the taxpayer for the tax years 1992 and 1993, against the Strongheart Trust, as nominee, transferee, and/or alter ego of the taxpayer, with the Register of Deeds, Montcalm County, Michigan, at Liber 814, Page 75.

24. On February 11, 1998, the Internal Revenue Service filed a Notice of Federal Tax Lien with respect to the unpaid federal income taxes of the taxpayer for the tax years 1992 and 1993, against the taxpayer, with the Register of Deeds, Montcalm County, Michigan, at Liber 818, Page 259.

25. On January 26, 1998, the Internal Revenue Service filed a Notice of Federal Tax Lien with respect to the unpaid federal income taxes of the taxpayer for the tax years 1992 and 1993, against the taxpayer, with the Register of Deeds, Montcalm County, Michigan, at Liber 818, Page 748.

26. On January 28, 2000, the Internal Revenue Service filed a Notice of Federal Tax Lien with respect to the unpaid federal income taxes of the taxpayer, for the tax years 1994 and 1995, against the taxpayer, with the Register of Deeds, Montcalm County, Michigan, at Liber 897, Page 356.

27. On January 28, 2000, the Internal Revenue Service filed a Notice of Federal Tax Lien with respect to the unpaid federal income taxes of the taxpayer for the tax years 1994 and 1995, against the taxpayer, with the Register of Deeds, Mecosta County, Michigan, at Liber 630, Page 1301.

28. Pursuant to Section 7403 of the Internal Revenue Code, 26 U.S.C. § 7403, the United States is entitled to judgment foreclosing the federal tax liens described above and a decree ordering the sale of the subject properties, and distributing the proceeds of such sale in accordance with the parties' respective rights and priorities.

### COUNT THREE

29. The United States hereby incorporates the allegations set forth in paragraphs 1 through 28 as if specifically realleged herein.

30. The taxpayer continues to exercise dominion and control over the subject property at all times since September 15, 1995.

31. The taxpayer continues to enjoy the benefits of ownership of the subject property.

32. The taxpayer continues to retain possession of the subject property.

33. The taxpayer placed the subject property in the name of the Strongheart Trust in anticipation of his federal tax liabilities while continuing to exercise control over the subject property.

34. The Strongheart Trust, if it is a separate legal entity, is holding the taxpayer's interest in the subject property as a nominee and/or alter ego of the taxpayer.

WHEREFORE, the United States of America prays for judgment:

A. In favor of the United States of America and against the taxpayer for the assessments described in the complaint, less any credits, plus interest accruing under law since the dates the assessments were made;

B. Determining that the Strongheart Trust, if it is a separate legal entity, holds title to the subject property, as the alter ego or nominee of the taxpayer;

C. Determining that the subject property is subject to the federal tax liens securing the assessments described in the complaint;

D. Foreclosing the United States' federal tax liens securing the assessments described in the complaint upon the subject property;

E. Decreeing the judicial sale of the subject property and the distribution of the proceeds of the sale in accordance with the parties' respective interests and priorities; and

F. Awarding the United States of America such further relief as the Court may deem just and proper.

                                                  Respectfully submitted,

PHILLIP J. GREEN
United States Attorney

_____
Assistant U.S. Attorney

_____
ELIZABETH LAN
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-6550